# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50707
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 13, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

AGUSTIN MIRAMONTES-MUNIZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-393

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Agustin Miramontes-Muniz appeals the sentence imposed for his guilty plea conviction of illegal reentry following deportation in violation of 8 U.S.C. § 1326. He contends that the 70-month within-guidelines sentence is substantively unreasonable because it is greater than necessary to satisfy the sentencing goals set forth in 18 U.S.C. § 3553(a). According to Miramontes-Muniz, the guidelines range was too high to fulfill § 3553(a)'s goals because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50707

U.S. Sentencing Guideline § 2L1.2 is not empirically based and effectively double counts a criminal record.  He also urges that the 70-month sentence overstated the seriousness of his non-violent reentry offense and failed to account for his personal history and characteristics, specifically, that he returned to the United States because he had suffered violence in Mexico and because his mother, sisters, and daughter live in the United States.

We consider "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007).  When, as here, the district court imposes a sentence within a properly calculated guidelines range, we "give great deference to that sentence" and "infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines in light of the sentencing considerations set out in § 3553(a)." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008) (internal quotation marks and citation omitted).  "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *Id.*

In reliance on *Kimbrough v. United States*, 552 U.S. 85, 109-10 (2007), and for purposes of preserving the issue for possible further review, Miramontes-Muniz argues that the presumption of reasonableness should not apply because § 2L1.2 lacks an empirical basis.  As Miramontes-Muniz concedes, his argument is foreclosed.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).  We also have rejected arguments that double-counting necessarily renders a sentence unreasonable, *see Duarte*, 569 F.3d at 529-31, and that the Guidelines overstate the seriousness of illegal reentry because it is only a non-violent international-trespass offense, *see United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

No. 14-50707

The district court considered the § 3553(a) factors and Miramontes-Muniz's request for a downward variance and concluded that a sentence within the guidelines range was sufficient, but not greater than necessary, to satisfy the goals in § 3553(a).  Miramontes-Muniz's assertions that § 2L1.2's lack of an empirical basis, the double-counting, the non-violent nature of his offense, and his motive for reentering justified a lower sentence are insufficient to rebut the presumption of reasonableness.  *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008); *United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008).  Therefore, Miramontes-Muniz has failed to show that the within-guidelines sentence is substantively unreasonable.  *See Campos-Maldonado*, 531 F.3d at 339.

The judgment of the district court is AFFIRMED.